UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 OCT -2  P 3:04
CLERK'S OFFICE
AT GREENBELT
BY _____ DEPUTY

Starsha Monet Sewell, )
Plaintiff )
) Case No. DKC 12 CV 2927
)
vs. )  JURY TRIAL DEMANDED
)
Strayer University )
Defendant(s)

## PLAINTIFF'S Complaint

**COMES NOW** the Plaintiff, Starsha M. Sewell, *pro se*, and moves this court pursuant to Federal question regarding this Civil action being brought against the defendant for violation of her constitutionally protected rights; the defendant demoted the Plaintiff for filing an internal complaint against her Supervisor; changed the terms of the Plaintiffs of employment retrospect of offer acceptance, and terminated the Plaintiff on the basis of her race, color, and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e, *et seq.*, retaliation for filing an internal complaint against the Plaintiff's superior and breach of contract.

Plaintiff shows the Court the following:

1. This is an action for damages based on unlawful employment practices committed by Defendant Strayer University, and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706 (f), (42 U.S.C.§ 2000e-5(f)).

2. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), for damages to compensate her for the economic loss and other damages caused by Defendant's unlawful employment practices committed against Plaintiff because of the Plaintiff race, color, and gender; and pursuant to (42 U.S.C. §1981).

3. The Plaintiff filed a Charge of Discrimination with the Human Rights Commission of Fairfax County and simultaneously filed an EEOC Charge No. 10D-2009-00443 therein, alleging a claim of retaliation charging the Defendant with specific acts of discrimination, thus complying with §706 (b), of the Civil Rights Act of 1964 (42 U.S.C. §2000e-5(b)).

4. The Defendant's responded to Plaintiff's Charge of discrimination dually filed with the Fairfax Commission on Human Rights and EEOC Charge numbers HRC #2009391E and 10D-2009-00493 The testimony in this document contradicts the defendants claim of the plaintiff's filing of purported facts, as the facts presented in the plaintiff's claim are supported by the defendant's written testimony. **See correspondence attached as Exhibit 16-2.**

5. The Plaintiff was issued a Right to Sue on July 9, 2012, and this filing is compliant within the scope of EEOC's filing mandate.

## I. JURISDICTION

6. Plaintiff, an African American female and United States Citizen dually filed a charge of discrimination against the defendant with the Fairfax Commission on Human Rights and with the Equal Employment Opportunity Commission ("EEOC") complaining about employment discrimination against the plaintiff on the basis of race, color, and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C.§ 2000e, *et seq.*, retaliation and breach of contract. A notice of Right to Sue was received by the plaintiff, and this complaint within ninety days (90) of the receipt of the Notice of Right to Sue. As such, plaintiff has complied fully with all prerequisites in this court under Title VII of the Civil Rights Act of 1964 §706 (b), (42 U.S.C. §2000e-5(b)).

7. Jurisdiction of the Court is proper under Title VII, 42 U.S.C. §2000e, *et seq.*,. In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331(federal question), 28 U.S.C. §1343 (Civil Rights), and U.S.C. §1337 (Acts of Congress regulating commerce).

8. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e and 42 U.S.C §1981. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 2000e-5(f)).

9. Punitive damages are sought pursuant to 42 U.S.C. §2000e. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 2000e-5(f)).

## II. VENUE

10. This action lies properly in the 4th District pursuant to 28 U.S.C §1391 as the unlawful employment practices complained of herein occurred within the District of Maryland Fourth District and because the defendant is conducting regular business in the District of Maryland and has campuses located geographically throuqout the United States of America.

## III. Parties

11. Plaintiff is a citizen of the United States of America.

12. Defendant is a for Profit Business Corporation regularly conducting business in Maryland and throughout the United States of America as its Campuses are geographically disbursed nationwide.

## Facts Common to All Claims

1). The Plaintiff is an African American Female who was hired by the Defendant in February of 2006 as a Quality Assurance Specialist. In this role she earned $50,000 per annum. Sewell received a salary increase in the amount of $52,800 after her one year performance Review. Sewell was also hired as an Adjunct faculty member which served as part-time employment and paid aproximately $18,000 dollars. Sewell's total compensation with both jobs totaled at $70,800 per annum.

2). In September of 2007, Sewell was promoted as Associate Campus Dean. Sewell's salary in this role was $60,000 per annum. Sewell continued to serve as an Adjunct Professor while she served as Dean and her total compensation with the part-time teaching position, which paid $18,000 per annum totaled at $78,000 per annum.

3). On October 2007, Sewell filed an internal complaint of Racial discrimination against her direct Supervisor Kelley Justice.

4). On March 2008, Kelley Justice retaliated against Sewell, because she engaged in protected activity. Kelley Justice financially demoted Sewell by changing the terms of Sewell's compensation. Kelley Justice mandated the Human Resources Department to stop compensating Sewell for teaching the Part-time courses. This act of retaliation sought to reduce Sewell's income from $78,000 per annum to $60,000 per annum. Sewell has produced her online adjunct contract (Exhibit 1).

5). Kelley Justice demoted Sewell out of retaliation because Sewell engaged in protected activity in violation of Title VII of the Civil Rights Act of 1964, §703(a) and 704(a) and 706(g) (42 U.S.C § 2000e- 2(a) and (b), (42 U.S.C § 2000e-3(a), 42 U.S.C.§2000e-(5)g and 42 U.S.C §2000e-5(f) and 42 U.S.C.§1981. These actions inflicted emotional distress, pain & suffering, inconvenience, mental anguish, embarrassment, loss of enjoyment of life, on the plaintiff, wherefore the defendant must be held liable.

## Claim for Relief - Title VII Retaliation

6). The defendant has discriminated against Starsha M. Sewell in violation Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 2000e-5(f)) and 42 U.S.C. §1981, by retaliating against the plaintiff for filing a complaint about Kelley Justice engagement in creating a hostile work environment for Sewell because of her Race, and based upon Kelley Justice demoting Starsha Sewell finanacilly based on the same.

7). The defendant has intentionally discriminated against Starsha M. Sewell in violation Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 2000e-5(f)) and 42 U.S.C. §1981, by demoting plaintiff, because of the plaintiff's race. These actions inflicted emotional distress, pain & suffering, inconvenience, mental anguish, loss of enjoyment of life, on the plaintiff, wherefore the defendant must be held liable. Pursuant to 42 U.S.C.§ 2000e-5(f) this court has jurisdiction to redress the Plaintiff's claim.

8). The defendant has discriminated against Starsha M. Sewell in violation of Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 2000e-5(f)) 42 U.S.C. §1981, upon:

changing the terms, conditions and privileges of employment, because of the plaintiff's, race and color. These actions inflicted emotional distress, pain & suffering, inconvenience, mental anguish, loss of enjoyment of life, on the plaintiff, wherefore the defendant must be held liable. Pursuant to 42 U.S.C.§ 2000e-5(f) this court has jurisdiction to redress the Plaintiff's claim.

9). The defendant has intentionally discriminated against Starsha M. Sewell in violation of Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)), and (42 U.S.C.§ 1981

Upon furnishing negative references.

1. Wherefore, plaintiff prays for judgment against the defendants for:
2. Back pay and lost benefits; front pay until normal retirement.
3. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
4. Punitive damages for the intentional knowing acts of discrimination committed by the management at
5. Costs and expenses of this action;
6. Such other relief as the Court deems just and equitable.

## CONCLUSION

The Plaintiff was diligent in stating claim pursuant Rule 8(a)(2), upon which relief may be granted, the plaintiff has complied fully with all prerequisites in this court under Title VII of the Civil Rights Act of 1964 §706 (b), (42 U.S.C. §2000e-5(b)) and exhausted proper administrative remedies. However, Pursuant to 42 U.S.C.§ 2000e-5(f) this court has jurisdiction to redress the Plaintiff's claims; the Plaintiff is exercising her legal right to allow this court to enforce provisions for relief against the defendants' violation of the Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)), and 42 U.S.C. §1981.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all questions of facts raised by complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure and of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981.

Respectfully submitted,
Dated this _2_ day of _October_.

Signature of Plaintiff
Starsha Mone't Sewell, Prose
Smsewell2002@yahoo.com
P.O. Box 7073
Capitol Heights, MD 20791
202-604-8322

### Certificate of Service

A copy of the foregoing was served on the Defendant. On this 2nd day of October 2012.

Robin McCune
Associate General Counsel
Strayer University
2121 15th Street North
Suite 300
Arlington, VA 22201