IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA MONET SEWELL         :

                             :

    v.                       :        Civil Action No. DKC 12-2927

                             :

STRAYER UNIVERSITY           :

                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are several motions:  the motion for recusal filed by *pro se* Plaintiff Starsha Monet Sewell (ECF No. 23); the motion to dismiss filed by Defendant Strayer University, Inc. ("Strayer")[1] (ECF No. 7); and the motion for summary judgment filed by Ms. Sewell (ECF No. 16).  The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Ms. Sewell's motion for recusal will be denied, Strayer's motion to dismiss will be granted, and Ms. Sewell's motion for summary judgment will be denied as moot.

_____

[1] In a recent filing, Strayer indicated its intent to file a notice regarding a recent change to its corporate name. (ECF No. 21, at 1 n.1).  If and when such a notice is filed, the clerk will be instructed to make any necessary changes to the docket.

## I. Background

### A. Factual Background

Except as otherwise noted, the following facts are alleged by Ms. Sewell in her complaint. (ECF No. 1). In February 2006, Strayer hired Ms. Sewell, an African American woman, to serve as a Quality Assurance Specialist. Ms. Sewell initially earned an annual salary of $50,000 and received a raise of approximately 5%, to $52,800, after her one-year performance review. Strayer also hired Ms. Sewell to teach classes as a part-time member of the adjunct faculty. Ms. Sewell received approximately $18,000 per year as an adjunct professor, bringing her total annual compensation to $70,800. In September 2007, Strayer promoted Ms. Sewell to the role of Associate Campus Dean, a position that paid an annual salary of $60,000. According to Ms. Sewell, she also continued to teach classes as a part-time adjunct professor, bringing her total annual compensation to $78,000.

In October 2007, Ms. Sewell filed an internal complaint of racial discrimination against her direct supervisor, Kelley Justice. Ms. Sewell generally alleges that Ms. Justice subjected her to a hostile work environment because of her race, although the complaint contains no specifics about the nature of the alleged discrimination. In March 2008, Ms. Justice "financially demoted" Ms. Sewell by instructing Strayer's human

resources department to stop compensating Ms. Sewell as an adjunct part-time professor. According to Ms. Sewell, Ms. Justice's instructions had the effect of reducing Plaintiff's annual compensation from $78,000 to $60,000 and also breached the terms of her contract with Strayer to teach as an adjunct professor. Ms. Sewell conclusorily contends that Ms. Justice demoted her because of her race, color, and gender, and in retaliation for complaining of discrimination.

Ms. Sewell also alleges that Strayer intentionally discriminated against her and engaged in retaliation by terminating her employment and "upon furnishing negative references." The complaint does not specify when either of these events took place.

**B. Procedural Background**

On August 5, 2009, Ms. Sewell filed a charge of discrimination ("the August 2009 Charge") with the Office of Human Rights & Equity Programs, Human Rights Division, for Fairfax County, Virginia ("the FCHRC"). (ECF No. 10, at 3).[2] In

_____

[2] Whether Ms. Sewell had contact with the FCHRC or the United States Equal Employment Opportunity Commission ("EEOC") at some earlier date is unclear. The only administrative charge referenced by Ms. Sewell in her complaint is Charge No. 10D-2009-00493, the formal charge filed on August 5, 2009. (*See generally* ECF No. 1). In the narrative portion of that charge (attached as an exhibit to Strayer's motion to dismiss), Ms.

the August 2009 Charge, Ms. Sewell alleged that Strayer retaliated against her for filing an internal complaint of discrimination against Ms. Justice in October 2007 and for filing a discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC") on March 25, 2008. Ms. Sewell cited a number of events as examples of this purported retaliation, including: (1) her August 18, 2008 termination from Strayer after she returned from medical leave; (2) her belief that, beginning in August 2008, Strayer provided negative references to other prospective employers; and (3) the refusal of Ms. Deepali-Kala, Strayer's director of quality assurance, to provide Ms. Sewell with a reference in July 2009.[3]

---

Sewell alleged that she filed an earlier complaint with the EEOC on March 25, 2008. (ECF No. 10). In later filings submitted in connection with her motion for summary judgment, Ms. Sewell again represents that she filed a charge with the EEOC in March 2008, at which time she was assigned an EEOC investigator and a charge number of 846-2008-1542N. (ECF No. 22, at 1). Ms. Sewell further represents that she "remained under the impression that [the] EEOC was investigating her Charge," but the "charge was never processed." (*Id.*). The EEOC, in turn, maintains that it "has no record reflecting" an EEOC charge titled *Sewell v. Strayer University* with the number 846-2008-15424 because "the charge was never formalized." (ECF No. 19-3, at 3).

[3] In the August 2009 Charge, Ms. Sewell also cites Strayer's rejection of, and failure to respond to, several of her post-termination applications for employment as acts of retaliation. Because Ms. Sewell does not reference these events in her

The August 2009 Charge did not reference Ms. Sewell's purported financial demotion. On August 12, 2009, Ms. Sewell cross-filed her complaint with the EEOC.

On July 9, 2012, the EOOC adopted the findings of the FCHRC and issued a right to sue notice to Ms. Sewell. (ECF No. 1-2). On October 2, 2012, Ms. Sewell filed a complaint against Strayer in this court, asserting claims of race-, color-, and gender-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as claims for race-based discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"). (ECF No. 1).[4] Concomitantly with her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), which was granted on October 25 (ECF No. 6).

On October 26, 2012, Strayer moved to dismiss Ms. Sewell's complaint, asserting that Ms. Sewell failed to exhaust her administrative remedies as to the Title VII claims she raises here; that Ms. Sewell's claims are time-barred; and that the complaint fails to state a plausible claim for relief. (ECF

complaint, it will be assumed that Ms. Sewell is no longer seeking relief based on these allegations.

[4] Although Ms. Sewell's briefs refer to her "medical leave" on several occasions, the complaint does not specifically reference the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, nor can it be read to assert a claim under that statute.

Nos. 7 & 7-1). Strayer attached a copy of the August 2009 Charge as an exhibit to its motion. (ECF No. 10). Ms. Sewell filed an opposition on October 31 (ECF No. 14), to which she attached an informational brochure published by the FCHRC (ECF No. 14-1) and several email chains between her and Strayer employees about her financial demotion (ECF Nos. 14-2 & 14-3). On November 14, Strayer replied. (ECF No. 15).

Two days later, Ms. Sewell filed a motion for summary judgment pursuant to Rule 56(c), without any supporting memoranda or exhibits. (ECF No. 16). On November 30, Strayer filed an opposition, arguing that Ms. Sewell's conclusory motion fails to satisfy her burden under Rule 56 and is premature in light of its pending motion to dismiss. (ECF No. 17). On December 11, Ms. Sewell filed a memorandum in support of her motion for summary judgment that attaches certain documents from the administrative proceedings as well as documents relating to Ms. Sewell's requests to the EEOC pursuant to the Freedom of Information Act ("FOIA"). (ECF No. 18). On December 14, Ms. Sewell filed additional documents relating to her FOIA requests. (ECF No. 19). Strayer then filed an amended opposition to Ms. Sewell's summary judgment motion (ECF No. 21), and Ms. Sewell replied (ECF No. 22). On March 26, 2013, Plaintiff moved for

the undersigned's recusal. (ECF No. 23). Strayer filed a response in opposition. (ECF No. 24).

## II. Ms. Sewell's Motion for Recusal

### A. Standard of Review

Ms. Sewell seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a).[5] Section 455(a) provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The critical question presented by this sub-section "is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the

---

[5] Plaintiff does not rely on 28 U.S.C. § 144 as a basis for recusal, nor could she. Section 144 requires a party to, *inter alia*, file an affidavit with facts to support that judicial bias exists and submit "a certificate of counsel of record stating that [the affidavit] is made in good faith." *See Molinaro v. Watkins–Johnson CEI Div.*, 359 F.Supp. 474, 476 (D.Md. 1973). Here, Plaintiff does not submit a formal affidavit, and she cannot supply the required certificate of counsel because she is proceeding *pro se*. *See Morse v. Lewis*, 54 F.2d 1027, 1032 (4th Cir. 1932) (interpreting predecessor statute to Section 144 to require certificate to be signed by an attorney regularly admitted to practice before that court and concluding that the purpose of the requirement is "to insure as far as possible that no affidavit of prejudice will be made except in good faith"), *cert. denied*, 286 U.S. 557 (1932); *Green v. Stevenson*, No. 12-432, 2012 WL 2154123, at *2 (E.D.La. June 13, 2012) (holding that "a *pro se* litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Murray v. Nationwide Better Health*, No. 10-3262, 2012 WL 698278, at *1 (C.D. Ill. Mar. 1, 2012) (concluding that a *pro se* plaintiff cannot proceed under Section 144).

circumstances." *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999) (internal quotation marks omitted). The Fourth Circuit has thus adopted an objective standard that asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." *Id.* (internal quotation marks omitted); *see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc.*, 535 U.S. 229, 232-33 (2002) (*per curiam*) (reaffirming that Section 455(a) "requires judicial recusal if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case") (internal quotation marks and emphasis omitted).

Generally, to warrant recusal under Section 455(a), the alleged bias or prejudice must stem from an extrajudicial source. *See Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 545 (1994)). In other words, it must arise from "events, proceedings, or experiences outside the courtroom." *Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998). Thus, on their own, prior judicial rulings "almost never constitute a valid basis for a bias or partiality motion," nor do opinions formed by a judge during prior proceedings. *United Sates v. Lentz*, 524 F.3d

8

501, 530 (4th Cir. 2008) (citing *Liteky*, 510 U.S. at 550) (internal quotation marks omitted). A judge is not required to recuse herself "simply because of unsupported, irrational or highly tenuous speculation," nor "simply because [she] possesses some tangential relationship to proceedings." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal citations and quotation marks omitted).

**B. Analysis**

Ms. Sewell argues that recusal is warranted because she "has been prejudiced by [the undersigned] in another litigation," such that the undersigned's "assignment to this case alone is prejudicial." (ECF No. 23, at 3). Ms. Sewell is apparently referring to the disposition of an unrelated lawsuit over which the undersigned presided. On August 13, 2012, Ms. Sewell removed a lawsuit against the Prince George's County Department of Social Services ("the Department of Social Services") to this court from the Circuit Court for Prince George's County, Maryland. *See* Notice of Removal, *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. 12-cv-2402-DKC (D.Md. remanded Aug. 15, 2012), ECF No. 1. The undersigned remanded Ms. Sewell's case to state court, citing the domestic relations exception to federal court jurisdiction and the fact that removal is not available to a party plaintiff. Remand

Order, *Sewell*, No. 12-cv-2402-DKC, ECF No. 3.  The undersigned later denied Ms. Sewell's motion for reconsideration, observing that district courts lack authority to reconsider remand orders. Order Denying Reconsideration, *Sewell*, No. 12-cv-2402-DKC, ECF No. 5.  On February 1, 2013, the Fourth Circuit dismissed Ms. Sewell's notice of appeal.  *See Sewell v. Prince George's Cnty. Dep't of Social Servs.*, Nos. 12-2009, 12-2140, 2013 WL 388050, at *1 (4th Cir. Feb. 1, 2013) (unpublished).[6]

Ms. Sewell's motion for recusal is without merit because, at bottom, she fails to allege any bias or prejudice stemming from an extrajudicial source.  Instead, she attempts to establish bias based solely on the undersigned's involvement in an unrelated civil action against a different defendant.[7]  This involvement – which was limited to an order remanding

_____

[6] The Fourth Circuit consolidated Ms. Sewell's appeal of the undersigned's remand ruling with her appeal of an order issued by Judge Williams dismissing a second action against the Department of Social Services, *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. 12-cv-2522-AW.  The Fourth Circuit affirmed Judge Williams's ruling because Ms. Sewell did not address the dispositive issue of subject matter jurisdiction in her appellate brief.  *See Sewell*, 2013 WL 388050, at *1.

[7] In her motion, Ms. Sewell also represents that "[a] judge receiving a bribe from an interested party over which he is presiding does not give the appearance of justice."  (ECF No. 23, at 2).  This statement is best construed as an illustrative example of conduct that might warrant recusal under Section 455(a) rather than an accusation about the undersigned.

Plaintiff's case to state court based on certain jurisdictional and procedural defects – does not come close to the type of egregious judicial conduct that requires recusal. *See, e.g.*, *Belue*, 640 F.3d at 573 (observing that "the only cases where courts have granted recusal motions based on in-trial conduct tend to involve singular and startling facts," such as where the judge noted that German-Americans have hearts "reeking with disloyalty"; where the judge made clear from the beginning of the case that his goal was to "recover funds that the defendants had taken from the public"; and also where the judge "directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow the plaintiffs to present argument at the sanctions hearing"). Moreover, a reasonable, well-informed observer could not question the undersigned's impartiality based on the court's limited involvement in Ms. Sewell's unrelated case against the Department of Social Services. Accordingly, Ms. Sewell's motion for recusal will be denied.

## III. Strayer's Motion to Dismiss

### 1. Standards of Review

The arguments raised by Strayer in its motion to dismiss – *i.e.*, failure to exhaust administrative remedies, failure to state a claim, and untimeliness – implicate several standards of review. First, Strayer's arguments that Ms. Sewell failed to

raise certain allegations before the EEOC or FCHRC must be analyzed under Fed.R.Civ.P. 12(b)(1) because a Title VII plaintiff's failure to exhaust administrative remedies deprives the federal court of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 & n.2 (4th Cir. 2009). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore *et al.*, Moore's Federal Practice § 12.30[1] (3d ed. 1998)). The plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute" and the defendant is "entitled to prevail as a matter of law." *Id.* (internal marks omitted). In its analysis, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

Second, Strayer's arguments that the complaint fails to state a plausible claim for relief are governed by Fed.R.Civ.P.

12(b)(6).    The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S.

at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, a complaint must "'permit[] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). To this end, "while a plaintiff [in an employment discrimination case] is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002); *Twombly*, 550 U.S. at 555).

Finally, Strayer argues that some of Ms. Sewell's claims should be dismissed under Rule 12(b)(6) because they are time-barred, either because she failed to file an administrative charge within the required timeframe (as to her Title VII claims) or because the applicable statute of limitations has expired (as to her Section 1981 claims). The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v.*

14

*Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal under Rule 12(b)(6) may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

**B. Analysis**

**1. Title VII Claims**

Strayer argues that Ms. Sewell's Title VII claims of discrimination and retaliation are subject to dismissal for three reasons. First, Strayer contends that Ms. Sewell failed to exhaust her administrative remedies with respect to the allegations she raises in her complaint, depriving this court of subject matter jurisdiction over her claims. Second, Strayer asserts that Ms. Sewell's claims are time-barred because she did not file her administrative charge within 300 days of the alleged retaliatory events. Third, Strayer contends that the complaint fails to state a plausible claim for relief under either the anti-discrimination or anti-retaliation provisions of Title VII. Each of these arguments will be addressed, in turn.

### a.  Failure to Exhaust Administrative Remedies[8]

Title VII requires a plaintiff to file a charge of discrimination with the EEOC prior to filing suit in federal court.  *Jones,* 551 F.3d at 300–01.  Although the EEOC charge defines the scope of the right to file a subsequent civil suit, the initial administrative complaint does not create strict, impenetrable limits on those subsequent rights.  Rather, the scope of the civil action is confined to "those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation [of that complaint]."  *Thorn v. Sebelius*, 766 F.Supp.2d 585, 596 (D.Md. 2011) (quoting *Jones*, 551 F.3d at 300), *aff'd*, 465 F.App'x 274 (4th Cir. 2012) (unpublished opinion).

Civil suits may not, however, present entirely new factual bases or entirely new theories of liability from those set forth in the initial EEOC complaint.  *See Evans v. Techs. Applications*

---

[8] As noted, because the failure to exhaust administrative remedies by a Title VII plaintiff deprives a federal court of subject matter jurisdiction, it is appropriate to consider evidence outside of the pleadings in deciding whether dismissal of Ms. Sewell's claims is warranted under Rule 12(b)(1) without converting Strayer's motion into one for summary judgment. *Evans*, 166 F.3d at 647 & n.3.  Accordingly, all of the exhibits submitted to date – including those submitted by Ms. Sewell in connection with her motion for summary judgment – will be considered in this section.

& *Serv. Co.*, 80 F.3d 954, 963–64 (4th Cir. 1996) (concluding that a plaintiff was barred from litigating a sexual harassment claim where her EEOC charge included only a claim for failure to promote based on gender); *Lawson v. Burlington Indus., Inc.*, 683 F.2d 862, 863–64 (4th Cir. 1982) (where a plaintiff had alleged only a discriminatory layoff claim in his EEOC complaint, the court lacked jurisdiction over his discriminatory failure-to-rehire claim). Thus, where a plaintiff's "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit," there is no subject matter jurisdiction. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005).

Here, as to Ms. Sewell's claims of intentional discrimination, Strayer correctly observes that the August 2009 Charge focuses exclusively on retaliation and does not expressly mention race-, color-, or gender-based discrimination. (*See* ECF No. 10, at 2–4). Indeed, under the heading "Classification of Complaint – Basis," Ms. Sewell checked only the box for "Retaliation" and left the boxes for "Color," "Race," and "Sex" unchecked. (*Id.*). Although Ms. Sewell conclusorily asserts in her opposition that "[d]ue to the ongoing acts of discrimination of staff at Strayer University, additional facts were presented to [the FCHRC] during its investigation and additional claims

17

were raised, prior to the completion of [the FCHRC]'s investigation" (ECF No. 14, at 2), the portions of the administrative record submitted by the parties confirm that the FCHRC's and EEOC's investigation was limited to the issue of whether Strayer retaliated against Ms. Sewell for engaging in protected activity (*see* ECF No. 18-3, at 1-2; ECF No. 18-4 at 12-21). Nothing in these documents indicates that Ms. Sewell asserted a claim for intentional discrimination at a *later* date, or that the FCHRC or EEOC ever investigated such a claim. Moreover, given that it is Ms. Sewell's burden to establish subject matter jurisdiction, her unsubstantiated references to an *earlier* EEOC complaint filed in March 2008 is not enough to demonstrate that she exhausted her remedies with respect to her claims of intentional discrimination. Accordingly, Ms. Sewell's claims of race-, color-, and gender-based discrimination under Title VII will be dismissed for lack of subject matter jurisdiction.[9]

---

[9] Even if the court did have subject matter jurisdiction over Ms. Sewell's Title VII discrimination claims, such claims would be subject to dismissal for two other reasons. First, in her opposition, Ms. Sewell does not respond to Strayer's substantive arguments about the adequacy of the factual allegations supporting her Title VII discrimination claims. (*See* ECF No. 14). In failing to do so, Ms. Sewell has abandoned such claims. *See Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 & 783 (D.Md. 2010). Second, even if she had

Strayer also contends that the court lacks jurisdiction over Ms. Sewell's retaliation claim because the allegations in her complaint are markedly different than the retaliatory conduct alleged in the August 2009 Charge. (ECF No. 7-1, at 4-5). As Strayer observes, the allegations in the complaint focus on Strayer's purported pre-termination financial demotion of Ms. Sewell in March 2008, while the allegations in the August 2009 Charge relate primarily to her August 2008 termination and Strayer's subsequent interference with her attempts to secure a new job. (*Compare* ECF No. 1 *with* ECF No. 10). Some overlap exists, however. For example, both the August 2009 Charge and the complaint allege that Strayer provided negative references in retaliation for Ms. Sewell's protected activity. Moreover, the administrative record indicates that the FCHRC and EEOC did, in fact, investigate whether retaliatory animus motivated the March 2008 demotion or the August 2008 termination. (*See, e.g.*, ECF No. 18-4, at 13). Accordingly, there is federal subject matter jurisdiction over Ms. Sewell's Title VII retaliation

---

responded to this portion of Strayer's motion to dismiss, Ms. Sewell's arguments would have been unavailing because the complaint is devoid of any factual allegations that support a plausible claim of intentional discrimination. Thus, her Title VII discrimination claims would also be subject to dismissal under Rule 12(b)(6).

claim, including the alleged March 2008 financial demotion and her August 2008 termination.

### b. **Untimeliness**[10]

Title VII requires a plaintiff to file an EEOC charge within a prescribed limitations period. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B). In deferral states such as Virginia,[11] that limitations period is 300 days from the date of

---

[10] In contrast to the analysis of subject matter jurisdiction under Rule 12(b)(1), the universe of documents that may be considered in ruling on Strayer's arguments under Rule 12(b)(6) is more limited. Generally, "[i]f on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(d). At the same time, however, documents attached to a motion to dismiss may be considered without converting a motion to dismiss into one for summary judgment "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Applying these principles here, it is appropriate to consider the August 2009 Charge in ruling on Strayer's arguments under Rule 12(b)(6) because it is integral to the administrative history of Ms. Sewell. Ms. Sewell's civil complaint and its authenticity is not challenged. *See, e.g.*, *Avery v. Astrue*, No. WDQ-11-2612, 2012 WL 1554646, at *1, n.4 (D.Md. Apr. 27, 2012); *Cuffee v. Verizon Commc'ns, Inc.*, 755 F.Supp.2d 672, 676 & n.2 (D.Md. 2010). By contrast, the documents that Ms. Sewell attaches to her opposition (ECF Nos. 14-1 through 14-3) and those submitted in connection with her motion for summary judgment (ECF Nos. 18-1 through 18-4, 19-1 & 19-2) are not integral to her complaint and will not be considered in ruling on Strayer's arguments relating to untimeliness and pleading deficiencies.

[11] Deferral states are those that have "a State or local agency with authority to grant or seek relief from [unlawful employment] practice[s] or to institute criminal proceedings

the allegedly discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(B); *see also Jones*, 551 F.3d at 300; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (explaining that "[e]ach incident of discrimination and each retaliatory adverse employment decision" must be alleged within the appropriate timeframe because each one represents actionable conduct). The timely filing of an administrative complaint "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *accord Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 969 (4th Cir. 1985). The "equitable exceptions" should, however, be applied "sparingly" because "the certainty and repose the provisions confer will be lost if their application is up for grabs in every case." *Moret v. Geren*, 494 F.Supp.2d 329, 337 (D.Md. 2007).

Here, Ms. Sewell filed her formal charge of discrimination with the FCHRC on August 5, 2009. Strayer thus contends that Ms. Sewell's Title VII claims are time-barred to the extent they rely on discrete acts of retaliation that occurred before

with respect thereto[.]" 42 U.S.C. § 2000e-5 (e)(1). The FCHRC is one such local agency.

October 9, 2008 (*i.e.*, three-hundred days before August 5, 2009)
– including the alleged financial demotion of March 2008; the
August 2008 termination; and Strayer's provision of negative
references.[12]

What Strayer ignores, however, is the allegation in the
August 2009 Charge that Ms. Sewell filed an earlier complaint
with the EEOC on March 25, 2008.  Assuming the truth of this
allegation and affording it liberal construction, it is
plausible that Ms. Sewell filed a timely administrative
complaint with respect to the March 2008 financial demotion.
Although Ms. Sewell has not provided any documentary evidence
confirming that she filed a formal or informal charge with the
EEOC on March 25, 2008, she is not obligated to do so at this
stage.[13]  Strayer raises its statute of limitations defense in a

_____

[12] The complaint itself does not specifically allege when
Strayer furnished negative references to Ms. Sewell's
prospective employers.  The August 2009 Charge, however, asserts
that Strayer provided negative references to prospective
employers in August 2008 and then, in July 2009, refused to
provide any reference for Ms. Sewell.  (ECF No. 10).

[13] As noted, Ms. Sewell submits a document in support of her
motion for summary judgment indicating that the EEOC denied Ms.
Sewell's FOIA request relating to her March 25, 2008 charge
because "that charge was never formalized."  (ECF No. 19-3, at
3).  This document is not properly considered for purposes of
Strayer's untimeliness arguments under Rule 12(b)(6).  Even if
it were considered, however, it would not be dispositive because

Rule 12(b)(6) motion rather than in a motion for summary judgment, meaning that dismissal is appropriate only to the extent that "the face of the complaint clearly reveals" that Ms. Sewell's claims are time-barred. *Brooks*, 85 F.3d at 181. Here, the complaint clearly reveals only that the allegations relating to Ms. Sewell's August 2008 termination and Strayer's provision of negative references in August 2008 are time-barred, because these are the only discrete acts of retaliation that occurred both (1) after the alleged March 25, 2008, charge of discrimination (and, as a matter of logic, could not have been exhausted thereby); and (2) more than 300 days before the filing of the August 2009 Charge.[14]  Accordingly, Ms. Sewell's Title VII

---

informal filings with the EEOC – including intake questionnaires – can satisfy the 300-day filing requirement if they contain the information required by 29 C.F.R. § 1601.12. *See, e.g.*, *Valderrama v. Honeywell Tech. Solutions, Inc.*, 473 F.Supp.2d 658, 662 (D.Md. 2007); *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

[14] Separately, in her opposition, Ms. Sewell appears to contend that Strayer should be equitably estopped from relying on Title VII's 300-day filing requirement because, according to an FCHRC informational brochure attached as ECF No. 14-1, the state agency "allows any individual who believes that he or she has been subjected to unlawful discrimination to file a complaint . . . within 365 days of the alleged discrimination." (ECF No. 14, at 2).  The doctrine of equitable estoppel applies only "where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987).  Such

retaliation claim will be dismissed with prejudice to the extent
it relies on the either of these two discrete events.   What
remains of Ms. Sewell's retaliation claim – the alleged March 4,
2008 demotion and June 2009 refusal to provide a reference –
must be analyzed under Rule 8(a).

### c.  Failure to State a Claim

Title   VII   makes   it   unlawful   for   "an   employer   to
discriminate against any of [its] employees . . . because [s]he

---

circumstances are not present here, as Ms. Sewell's argument
focuses on representations made by FRHRC, an entity that was not
her employer and is not a party here.

To the extent that Ms. Sewell seeks equitable tolling of
Title VII's 300-day timing requirement, such relief is available
to a plaintiff who "(1) diligently pursued h[er] claim; (2) was
misinformed or misled by the administrative agency responsible
for   processing   h[er]   charge;   (3)   relied   in   fact   on   the
misinformation or misrepresentations of that agency, causing
h[er]  to  fail  to  exhaust  his  administrative  remedies;  and
(4) was acting *pro se* at the time." *Walton v. Guidant Sales
Corp.*, 417 F.Supp.2d 719, 721 (D.Md. 2006).  Here, the complaint
contains no allegations establishing the type of "extraordinary
circumstances" necessary to invoke equitable tolling.  *Anderson
v. Lockheed Martin Corp.*, No. RWT-11-2655, 2012 WL 933215, at *3
(D.Md. Mar. 15, 2010) (holding that, to rely on the doctrine of
equitable  tolling,  a  plaintiff  must  allege  the  existence  of
extraordinary circumstances in her complaint).  Even if it were
appropriate  to  look  beyond  the  four  corners  of  the  complaint,
nothing  in  the  record  establishes  that  Ms.  Sewell  acted
diligently  or  that  she  relied,  in  fact,  on  any  purported
misrepresentations  or  misleading  statements  by  the  FCHRC  in
deciding  when  to  file  her  administrative  charge.   In  addition,
the  informational  brochure  Ms.  Sewell  attaches  to  her  opposition
appears  to  reference  the  timing  requirements  for  filing  a  claim
pursuant  to  the  Fairfax  County  Human  Rights  Ordinance  of  1974
and makes no mention of Title VII.  (*See* ECF No. 14-1, at 2).

has opposed any practice made an unlawful practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* retaliation claim, a plaintiff must show that: (1) she engaged in a protected activity, (2) her employer acted adversely against her, and (3) the protected activity was causally connected to the adverse action. *See Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

Strayer focuses exclusively on the third element of causation, arguing that the five-plus months that elapsed between Ms. Sewell's internal charge of discrimination in October 2007 and any of the alleged retaliatory acts is not enough to establish the requisite causal connection under Fourth Circuit precedent. (ECF No. 7-1, at 6-7). In her opposition, Ms. Sewell fails to respond to this argument with respect to her allegations about Strayer's refusal to provide her a reference (*see generally* ECF No. 14) and thus has abandoned her Title VII retaliation clam to the extent it relies on such allegations, *see Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 & 783 (D.Md. 2010). Ms. Sewell maintains, however, that a causal connection exists between the October 2007 complaint and

the March 2008 financial demotion notwithstanding the passage of five months because Ms. Justice "retaliated against Sewell at the first opportunity that she had, upon Sewell's return to work from her medical leave absence." (ECF No. 14, at 3).

The burden of showing a causal nexus is "not onerous." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1229 (4th Cir. 1998) (explaining that "little is required" to establish a causal connection). As the parties observe, "temporal proximity between a protected activity and an adverse employment action has been found sufficient to establish a causal connection." *Finnegan v. Dep't of Pub. Safety & Corr. Servs.*, 184 F.Supp.2d 457, 463 (D.Md. 2002). Where temporal proximity is the only evidence of causation, however, "the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). The Fourth Circuit has expressly declined to determine "how close a temporal connection must [there be] for . . . a causal nexus [to exist]." *Brockman v. Snow*, 217 F.App'x 201, 207 (4th Cir. 2007) (unpublished). Moreover, a lengthy period of time between a plaintiff's protected activity and the adverse employment action may not be dispositive where the employer engages in retaliation upon its first "opportunity to do so." *Templeton v. First Tenn. Bank,*

*N.A.*, 424 F.App'x 249, 2011 WL 1525559, at *2 (4th Cir. Apr. 22, 2011) (unpublished) (where the plaintiff alleged that she had resigned shortly after complaining of harassment, a causal connection could plausibly be inferred despite the passage of time because her reapplication two years later presented the first chance for her employer to retaliate).[15]

In light of this precedent, Ms. Sewell's argument – *i.e.*, that the five-month period of time is not necessarily fatal to her retaliation because Strayer demoted her at its earliest opportunity when she returned from leave – is, as a legal matter, more persuasive than Strayer's. The problem is that the complaint does not include any allegations that Ms. Sewell was on medical leave for some or all of the five-month period at

---

[15] This principle is reflected in the two extra-jurisdictional cases cited by Ms. Sewell in her opposition. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 444 (2[d] Cir. 1999) (where plaintiff filed her EEOC complaint during a period of leave and then was transferred upon her return to work nine months later, there was a sufficient causal connection between her protected activity and the adverse employment actions), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1217 (10th Cir. 2003) (where the plaintiff was on leave when she filed her EEOC complaint and then was fired "immediately" upon her return, there was sufficient evidence of a causal connection notwithstanding the passage of three months).

issue here.[16]   Absent such allegations, the causal connection

between Ms. Sewell's complaint in October 2007 and the March

2008 demotion is simply not plausible because it depends solely

on temporal proximity of five months – a period of time that is

not "very close."   Thus, the current version of the complaint

fails to state a claim for retaliation based on the March 2008

financial demotion.

Accordingly, to the extent it relies on the alleged March

2008 financial demotion, Ms. Sewell's retaliation claim will be

dismissed without prejudice to her right to file an amended

complaint within twenty-one (21) days.   If Ms. Sewell files an

amended   retaliation   claim,   she   must   include   additional

allegations regarding the causal connection between her October

2007 complaint and her March 2008 demotion, including but not

limited to allegations about (1) the timing and nature of any

medical leave Ms. Sewell took during this period; and (2) if and

when Ms. Justice learned about Ms. Sewell's October 2007

complaint of discrimination.

_____

[16]  Ms. Sewell's attempt to raise this allegation in her
opposition is unavailing because a plaintiff may not amend her
complaint *via* opposition papers.   *Zachair, Ltd. v. Driggs*, 965
F.Supp. 741, 748 n.4 (D.Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir.
1998) (unpublished table opinion).

## 2. Section 1981 Claims

Strayer next asserts that Ms. Sewell's discrimination and retaliation claims under Section 1981 must be dismissed because they are time-barred and suffer from the same pleading deficiencies as her Title VII claims. (ECF No. 7-1, at 8-9).

Section 1981, originally enacted by Congress in 1866, pertinently provided that all people shall enjoy "the same right . . . to make and enforce contracts." *See* Civil Rights Act of 1866 § 1, 14 Stat. 27, 27 (codified as amended at 42 U.S.C. § 1981). Substantively, the evidentiary standards for analyzing claims of race-based discrimination and retaliation under Section 1981 are identical to those employed under Title VII. *See Jenkins v. Gaylord Entm't Co.*, 840 F.Supp.2d 873, 880 (D.Md. 2012); *Causey v. Balog*, 929 F.Supp. 900, 913 (D.Md. 1996). Procedurally, however, Section 1981 claims are not subject to the same exhaustion and timeliness requirements as those asserted pursuant to Title VII. *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 291-92 (4th Cir. 2004). The timeliness of Section 1981 claims is instead governed either by state law (as to allegations of misconduct during the formation of an employment contract) or by the four-year statute of limitations established by 28 U.S.C. § 1658 (as to allegations of misconduct after the formation of the employment relationship). *See Jones v. Circuit*

*City Stores, Inc.*, 370 F.3d 417, 420-21 (4th Cir. 2004);

*Mandengue v. ADT Sec. Sys., Inc.*, No. ELH-09-3103, 2012 WL

892621, at *1, n.3 (D.Md. Mar. 14, 2012).

Here, all of Ms. Sewell's allegations relate to misconduct

that occurred after the formation of her employment relationship

with Strayer. Accordingly, the four-year statute of limitations

set forth in Section 1658 applies, meaning that only those facts

alleged to have occurred during the four years prior to October

2, 2012, the date when Ms. Sewell filed the instant lawsuit, may

be considered for purposes of her Section 1981 claims. Thus,

the complaint (as supplemented by the August 2009 Charge)

clearly establishes that Ms. Sewell's Section 1981 claims must

be dismissed as time-barred to the extent they rely on any of

the following events: her alleged financial demotion in March

2008, her termination in August 2008, and Strayer's alleged

provision of negative references in August 2008.[17]

---

[17] In her opposition, Ms. Sewell states that she "respectfully challenges opposing counsel's computation of time on her retaliation claims under [S]ection 1981, and request[s] exceptions for the filing of her claims, because . . . Sewell[] was not legally entitled to file her [T]itle VII complaint in this honorable court until EEOC first issued its right to sue letter." (ECF No. 14, at 4-5). Contrary to Ms. Sewell's argument, the pendency of an EEOC investigation is not a valid basis for tolling the statute of limitations for Section 1981 claims. *See McNeal v. Montgomery Cnty.*, 307 F.App'x 766, 2009 WL 122607, at *4 (4th Cir. Jan. 20, 2009) (affirming district

Even when liberally construed, the only allegation that remains is Strayer's alleged refusal in June 2009 to provide Ms. Sewell with a substantive reference in retaliation for her complaints of discrimination. As discussed, Ms. Sewell fails to respond to Strayer's arguments regarding the dearth of allegations indicating that this event is causally connected to her protected activity. Ms. Sewell therefore has abandoned her Section 1981 claims to the extent it relies on Strayer's refusal to provide her with a reference in June 2009. *See Ferdinand-Davenport*, 742 F.Supp.2d at 777 & 783.

Because each of Ms. Sewell's claims will be dismissed, her motion for summary judgment will be denied as moot.

## IV.  Conclusion

For the foregoing reasons, Ms. Sewell's motion for recusal will be denied; Strayer's motion to dismiss will be granted; and

---

court's conclusion that a plaintiff's pursuit of administrative remedies under the Title VII regime "does not toll the statute of limitations for claims that 'although related, and although directed to most of the same ends, are separate, distinct, and independent'") (unpublished); *see also Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 461 (1975) (affirming that "the remedies available under Title VII and under [Section] 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent"). Moreover, as Strayer notes in its reply (ECF No. 15, at 5), Ms. Sewell could have requested a right to sue letter from the EEOC as early as 180 days after the she cross-filed her charge. *See* 29 CFR § 1601.28.

Ms. Sewell's motion for summary judgment will be denied as moot. Ms. Sewell will have twenty-one (21) days to file an amended complaint pursuant to the instructions above. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
