IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA MONET SEWELL :
:
v. : Civil Action No. DKC 12-2927
:
STRAYER UNIVERSITY :
:

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this employment discrimination case is the motion for relief from the December 27, 2013 dismissal order pursuant to Fed.R.Civ.P. 60(b) filed by *pro se* Plaintiff Starsha Monet Sewell. On October 2, 2012, Plaintiff filed a complaint against Defendant Strayer University, asserting claims of race-, color-, and gender-based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as claims for race-based discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981"). (ECF No. 1). Defendant subsequently moved to dismiss Plaintiff's complaint and Plaintiff moved for recusal (ECF No. 23). The undersigned issued a memorandum opinion and order on July 9, 2013. (ECF Nos. 25 & 26). The July 9, 2013 memorandum opinion and order denied Plaintiff's motion for recusal and dismissed for lack of subject matter jurisdiction Ms. Sewell's Title VII claims of

race-, color-, and gender-based discrimination, but gave Plaintiff leave to file an amended complaint to the extent she alleged Title VII retaliation relating to her alleged demotion in March 2008. Plaintiff filed an amended complaint, which Defendant moved to dismiss. Ms. Sewell's amended complaint was dismissed with prejudice on December 27, 2013. (ECF Nos. 38 & 39). Plaintiff filed the instant motion on April 8, 2014. (ECF No. 40).

Fed.R.Civ. 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on any of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's motion does not meet any of the grounds for reconsideration set forth in Rule 60(b). Indeed, Plaintiff's 60(b) motion largely concerns matters that have either been previously asserted or are wholly irrelevant to her discrimination claims against Strayer University. Ms. Sewell argues that the undersigned erred when she denied Plaintiff's motion for recusal. Plaintiff believes that her motion for recusal should have been granted because the undersigned previously remanded another case that Ms. Sewell litigated to state court. Plaintiff appears to be referring to *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, No. 12-cv-2302-DKC (D.Md. remanded Aug. 15, 2012). The undersigned remanded this case to state court, citing the domestic relations exception to federal court jurisdiction and the fact that removal is not available to a party plaintiff. The Fourth Circuit dismissed Ms. Sewell's notice of appeal on February 1, 2013. *Sewell v. Prince George's Cnty. Dep't of Social Servs.*, 508 F.App'x 259, 259 (4th Cir. 2013) (unpublished). Plaintiff merely renews her argument for recusal, which is not a proper ground for reconsideration. *See Messner v. Calderone*, 447 F.App'x 725, 725 (7th Cir. 2011) ("Rule 60(b) is not a means to relitigate contentions decided adversely to a litigant.").

Similarly, Plaintiff again argues that she is entitled to relief pursuant to equitable tolling because she "satisfied the

300-day filing requirement for her Title VII complaint in March of 2008 and remains legally entitled to equitable tolling." (ECF No. 40, at 1).  Plaintiff's argument is premised on a misunderstanding of the memorandum opinion.  As the undersigned explained in the July 9, 2013 memorandum opinion, and reiterated in the December 27, 2013 memorandum opinion, the face of Plaintiff's complaint did not clearly reveal that the March 2008 "financial demotion" claim was time-barred.  Accordingly, it was found plausible that Ms. Sewell filed a timely administrative complaint with respect to the March 2008 "financial demotion." Thus, Plaintiff's request equitably to toll the 300-day filing requirement pertaining to the March 2008 EEOC charge was found moot.  *See Sewell v. Strayer University*, Civil Action No. DKC 12-2927, 2013 WL 6858867, at *4 n.6 (D.Md. Dec. 27, 2013). Plaintiff has not established any ground for relief under Rule 60(b).

Based on the foregoing, it is this 18th day of April, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to set aside judgment pursuant to Rule 60(b) (ECF No. 40) filed by Plaintiff Starsha Monet Sewell  BE, and the same hereby IS, DENIED; and

4

2. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for Defendant Strayer University and directly to Plaintiff Starsha Monet Sewell.

                                                /s/
DEBORAH K. CHASANOW
United States District Judge